# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| **Edwina Wilson,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 2:06-3613-CWH** |
| vs. ) | |
| ) | |
| **Redman Homes, Inc. and Southern Showcase** ) | |
| **Housing, Inc.,** ) | |
| ) | **ORDER** |
| **Defendants.** ) | |
| ) | |
| ) | |

On August 17, 2006, the plaintiff commenced this action in state court. The plaintiff alleges that the defendants sold her a defective manufactured home and refused to repair the defects. The complaint raises state law claims for breaches of expressed and implied warranties. The complaint also limits damages to an amount not to exceed $50,000.00.

On December 27, 2006, the defendants removed the action to this Court. The defendants allege that the Court has federal question jurisdiction over the breach of warranty claims under the Magnuson-Moss Warranty Act (hereinafter referred to as the "Act"), 15 U.S.C. § 2310(d)(1)(B). The plaintiffs have not brought a claim under the Act, but the defendants contend that the plaintiff intends to do so.

On January 26, 2007, the plaintiff filed a motion to remand, and on February 15, 2007, the defendants filed an opposition to the motion. On April 5, 2007, the defendants filed a motion to compel responses to interrogatories, requests for production, and a request for inspection. On May 31, 2007, the Court heard the motions.

A federal court looks to the well-pleaded complaint to determine whether claims arise under federal law. <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1,

10-11 (1983). The complaint does not raise a federal claim. Therefore, the Court must determine whether the Act provides the Court federal question jurisdiction when a complaint alleges only state law warranty claims.

A plaintiff may not defeat removal by artfully pleading a state law claim without referring to necessary federal questions. Id. at 22. A complaint raising only state law claims is subject to removal either when federal law preempts the claim or the claim implicates questions of federal law so important that federal common law displaces state law. Id.

The Act does not preempt state warranty law. Carlson v. General Motors, Corp., 883 F.2d 287, 291 (4th Cir. 1989). In addition, proving the breach of warranty claims does not implicate substantial questions of federal law. Consequently, the Act does not provide federal question jurisdiction over state law warranty claims.

Accordingly, the Court grants the motion to remand. All other pending motions are hereby rendered moot.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

June 20, 2007
Charleston, South Carolina